## DONATT v. SEGRETTA.
### No. 14793.

Court of Appeal of Louisiana. Orleans.
April 29, 1935.

Johnston Armstrong, of New Orleans, for appellant.

Isaac Heller, of New Orleans, for appellee.

LECHE, Judge.

From a judgment rejecting her demand for damages for personal injuries, plaintiff has appealed. Defendant, John Segretta, was the owner of the premises bearing the municipal No. 451 South Liberty street in the city of New Orleans, and plaintiff, Alice Donatt, was the lessee thereof. The property consisted of a two-story frame dwelling, the front portion of which was flush with the line of the sidewalk of S. Liberty street, an upstairs porch extending out over the sidewalk and being supported by several posts. Along one side of the building was an alley approximately three or three and one-half feet wide, bounded on one side by the building itself and on the other side by a shed of the adjoining premises, the front of which was also flush with the sidewalk and on a line with the front of the building. Over this alley and extending along the side of the building at the height of the floor of the second story was a porch approximately two and one-half feet wide and extending the entire length of the building, from front to rear. This porch was supported by joists extending out from the floor of the second story of the building and was covered by an extension of the roof of the building, which extended far enough over the side of the building to cover same. Between the floor of this porch and the projection of the roof were four posts, one being at the front corner of the porch, one at the rear, and the other two evenly spaced in between, and there was a wooden railing completely surrounding the porch and attached to these posts. The shed of the adjoining property, which formed one side of the alley, or passageway, extended up approximately one foot higher than the surface of the porch, being some six or eight inches distant therefrom and covered by a sloping roof. Attached to the four posts which supported the railing of the porch was a clothesline which extended from the front post to the rear post, this clothesline being supported in the center by a clothes pole which could be pushed out from the porch, thus holding the clothesline away from the gallery and permitting clothes to dry in the sun or wind.

On the 19th day of April, 1930, petitioner came onto this porch for the purpose of hanging some clothes on, the clothesline, and, in order to hang the clothes, or to support herself, leaned against the post at the corner of the porch nearest S. Liberty street, or the front of the property. The upper end of this post, which was attached to the overhanging roof, swung out in the direction of the shed adjoining the porch, and petitioner, in an effort to save herself from falling to the ground, grabbed hold of the post with her arm and was swung around, landing on the roof of the adjoining shed. The photograph attached to and made part of the record shows very clearly the relative positions of the house, the porch, the adjoining shed, and the position of the post after the accident. The testimony of the plaintiff is very simple and direct. There were no eyewitnesses to the actual occurrence, but Joseph Thompson, a witness for plaintiff, who was passing along S. Liberty street at the time, saw plaintiff after she had landed on the roof of the adjoining shed and saw the condition of the post and railing as shown by the photograph.

Our view of the evidence introduced by defendant is that it rather corroborates the position of plaintiff. It is true that Mr. Cicero Ramsey, a reputable businessman and real estate broker, who had charge of the property for defendant, was in some doubt as to whether plaintiff was the actual person to whom the premises had been rented. However, Mr. Ramsey was not at all certain in his testimony, and the difference in the spelling of the names can easily be explained because of the similarity in pronunciation. Defendant tried and failed to prove with satisfaction that plaintiff was intoxicated at the time of the accident. The other witnesses all substantiate the photograph as to the condition of the premises after the accident, particularly the witness Ritman, who was a carpenter and who was sent to the premises shortly afterwards to repair the damage. It was also sought to be proven that plaintiff herself erected the clothesline, and it is contended that this constituted an improper use of the premises and relieved defendant from liability. Plaintiff herself testified that the clothesline was there when she rented the property, and this testimony is uncontradicted. But, assuming arguendo that she had placed the clothesline herself, this is a very common occurrence, and, except perhaps in some unusual circumstances, would not con-

stitute negligence. Upstairs porches as well as downstairs porches are frequently used for sunning and airing bedding and the hanging out of clothes, and posts supporting a porch or roof, if properly constructed, are generally put to no undue strain by the erection of a small wire clothesline and the hanging of a few garments thereon. We are therefore of the opinion that plaintiff has sustained the burden of proof imposed upon her and made out her case. Estes v. Ætna Casualty & Surety Co. (La. App.) 157 So. 395.

As to the injuries sustained, the record is by no means clear. It appears, however, that, although the arm was not broken, plaintiff sustained bruises and scratches and probably muscular strains, which necessitated keeping her arm in bandages for several weeks. All the circumstances considered, we think an award of $250 covering all items of damage is proper in this case.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there be judgment herein in favor of plaintiff, Alice Donatt, widow of George Donatt, and against defendant, John Segretta, in the sum of $250, together with legal interest thereon from judicial demand until paid, and all costs of this proceeding.

Reversed.